Reversed and Remanded and Majority and Concurring Opinions filed May 17,
2005









Reversed
and Remanded and Majority and Concurring Opinions filed May 17, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00390-CV

_______________

 

SUPPORTKIDS, INC. 

FORMERLY CHILD SUPPORT ENFORCEMENT, INC., Appellant

 

V.

 

CYNTHIA
MORRIS, Appellee

__________________________________________________

 

On Appeal from the 253rd District Court

Chambers County, Texas

Trial Court Cause No. 19,150

__________________________________________________

 

M A J O R I T
Y   O P I N I O N

In this interlocutory appeal, Supportkids, Inc., formerly
Child Support Enforcement, Inc., appeals a judgment in favor of Cynthia Morris
on the ground that the trial court abused its discretion in granting class
certification.  We reverse and remand for
proceedings consistent with this opinion.








Background

Appellant, Supportkids, is a company whose principal business
is the collection of past due child support for custodial parents.  Supportkids offers different service packages
depending on the amount of child support to be collected and whether there is
an arrearage.  For its services,
Supportkids collects a percentage of the total child support recovered.  The percentage differs from contract to
contract.  In 1999, appellee, Morris,
hired Supportkids to enforce and collect past due child support arrearages.  Morris signed a contract in which she agreed
she would retain sixty-seven percent of any child support collected and
Supportkids would retain thirty-three percent as its fee.  Supportkids was successful and obtained a
withholding order on the non-custodial parent=s wages so the arrearage could be
paid.  

Approximately six months after Supportkids secured the
withholding order, Morris demanded that Supportkids cancel her contract so she
could collect one hundred percent of the child support without paying a fee to
Supportkids.  When Supportkids declined
to cancel the contract, Morris sued Supportkids on the ground that it engaged
in the unauthorized practice of law. 
Morris later sought to certify a class including other individuals who
had contracted with Supportkids to collect past due child support.  She alleged the class would include all
customers of Supportkids for whom Supportkids had hired an attorney to perform
legal services.

The trial court granted Morris=s motion for class certification and
defined the class as follows:

Those persons (i) who entered into any of the form
contracts attached hereto as Exhibit AA@ or AB1@ B AB28@ with the Defendants [sic] in Texas on or after May 7,
1998, (ii) on whose behalf the Defendants retained an attorney to perform legal
services to collect past due child support owed to that person.

 








Supportkids contends the trial court abused its discretion because the
court did not properly apply Rule 42 of the Texas Rules of Civil Procedure to
the undisputed facts.

Standard of
Review

We review a trial court=s ruling on class certification for
abuse of discretion.  Southwestern Ref.
Co., Inc. v. Bernal, 22 S.W.3d 425, 439 (Tex. 2000).  A clear failure by the trial court to analyze
or apply the law correctly is an abuse of discretion.  McDaniel v. Yarbrough, 898 S.W.2d 251,
253 (Tex. 1995).  Although we review the
trial court=s order for abuse of discretion, we
do not indulge every presumption in its favor, as compliance with class action
requirements must be demonstrated rather than presumed.  Henry Schein, Inc. v. Stromboe, 102
S.W.3d 675, 691B92 (Tex. 2002).  We
also must evaluate Athe claims, defenses, relevant facts, and applicable
substantive law.@  Id.  

All class actions must satisfy four threshold requirements:
(1) the class is so numerous that joinder of all members is impracticable; (2)
there are questions of law or fact common to the class; (3) the claims or
defenses of the representative parties are typical of the claims or defenses of
the class; and (4) the representative parties will fairly and adequately
protect the interests of the class.  Tex. R. Civ. P. 42(a).  Class representatives must also meet at least
one of the subdivisions of Rule 42(b).  A
judgment in favor of class members should decisively settle the entire
controversy, and all that should remain is for other members of the class to
file proof of their claim.  Bernal,
22 S.W.3d at 434.  Here, the trial court
found the requirements of Rule 42(a) were met and certified the class under all
the subdivisions of Rule 42(b).

Typicality
and Adequacy of Representation








Supportkids contends the trial court abused its discretion in
certifying the class because Morris did not present facts showing she met the
prerequisites of typicality and fair and adequate protection of the class.  See Tex.
R. Civ. P. 42(a).  Typicality and
adequacy of representation are closely related, for demanding typicality on the
part of the representative helps insure her adequacy of representation.  See Horton v. Goose Creek Ind. School
Dist., 690 F.2d 470, 486 n. 27. (5th Cir. 1982).  Ordinarily, the presence of even an arguable
defense peculiar to the named plaintiff destroys the typicality of the
class.  Spera v. Fleming, Hovenkamp
& Grayson, P.C., 4 S.W.3d 805, 812 (Tex. App.CHouston [14th Dist.] 1999, no pet.).

The named representative in a class action must fairly and
adequately protect the interest of the class members.  Tex.
R. Civ. P. 42(a)(4).  This
requirement has two components: (1) an absence of antagonism between the class
representatives and the class members, and (2) an assurance the representative
parties will vigorously prosecute the class claims and defenses.  Slack v. Shell Oil Co., 969 S.W.2d
565, 568 (Tex. App.CAustin 1998, no pet.). 
Adequacy of representation is a question of fact based on the individual
circumstances of the case.  Forsyth v.
Lake LBJ Inv. Corp., 903 S.W.2d 146, 150 (Tex. App.CAustin 1995, writ dism=d w.o.j.).  Factors affecting this determination include:
(1) adequacy of counsel; (2) potential conflicts of interest between the class
members; (3) personal integrity of the plaintiffs; (4) the representative=s familiarity with the litigation,
and her belief in the legitimacy of the grievance; (5) whether the class is
unmanageable because of geographical limitations; and (6) whether the
plaintiffs can afford to finance the class action.  








In this case, some aspects of the adequacy requirement are
satisfied.  The zeal and competence of
the named plaintiff=s counsel is not challenged, nor is there reason to doubt the
willingness and ability of the plaintiff to participate in and control the
litigation.  But, the possibility of
antagonism within the class remains. 
Morris seeks to have the contracts declared void because Supportkids
allegedly engaged in the unauthorized practice of law.  The chance remains, however, that customers
of Supportkids do not want their contracts to be declared void.  Although Morris is now receiving child
support pursuant to wage withholding, other persons who signed contracts with
Supportkids may continue to need the services of Supportkids to recover child
support.  Although Supportkids presented
no evidence of real disagreement, the burden of proof on certification issues
is on the plaintiff.  Schein, 102
S.W.3d at 691B92. 
It is therefore improper to demand evidence from the defendant that a
significant number of class members oppose the plaintiff when it is obvious
that a real possibility of antagonism exists. 
Horton, 690 F.2d at 486. 
Reviewing the appropriate factors, we find the trial court abused its
discretion in finding the named representative able to fairly and adequately
protect the interests of the class under Rule 42(a)(4).

Commonality
and Predominance of Common Issues

Rule 42(a) requires there exist questions of law or fact common
to the class.  Questions are common to
the class if an answer as to one class member is an answer as to all class
members.  Sun Coast Resources, Inc. v.
Cooper, 967 S.W.2d 525, 532 (Tex. App.CHouston [1st Dist.] 1998, writ dism=d w.o.j.).  The rule does not require that all or even a
substantial portion of the legal and factual questions be common to the
class.  Slack, 969 S.W.2d
at 569.  The commonality requirement is
subsumed under the more stringent Rule 42(b)(3) requirement that common
questions of law or fact predominate over questions involving individual
members.  Amchem Prods., Inc. v.
Windsor, 521 U.S. 551, 607, 117 S. Ct. 2231, 2242B44, 138 L. Ed.2d 689, 704
(1997).  The test is not whether the
common issues outnumber the individual issues, but whether common issues will
be the focus of most of the efforts of the litigants and the court.  Spera, 4 S.W.3d at 811.








Morris asserts the factual and legal bases of her claim are
common to all class members.  Morris
contends all persons who entered into any of the form contracts listed as
Exhibits A and Exhibits B1 through B28 and on whose behalf Supportkids hired
attorneys are a part of the class. 
First, we note that the contracts attached to Morris=s petition do not all contain clauses
permitting Supportkids to retain an attorney to collect child support.  Further, there was testimony at the hearing
on class certification that even after an attorney is retained, legal services
are not always performed.  For example,
frequently Supportkids retains an attorney and the non-custodial parent agrees
to pay child support before legal action can be taken.  Therefore, even if Morris were able to prove
that Supportkids= retention of an attorney constitutes the unauthorized
practice of law, some members of the class would not obtain relief.  Morris, therefore, failed the commonality
requirement of Rule 42(a).

Conclusion

Morris failed to meet the threshold requirements of
typicality and commonality under Rule 42(a) of the Texas Rules of Civil
Procedure.  Therefore, the trial court
abused its discretion in certifying the class. 
The order of the trial court is reversed and the cause is remanded for
further proceedings consistent with this opinion.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed May 17, 2005.

Panel consists of Chief Justice Hedges and Justices
Fowler and Seymore.  (Fowler, J.,
concurring.)